## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| BOBBIE ELLIS MOTZ, ) | |
| ) | |
| Petitioner, ) | No. 08-cv-1062 |
| ) | |
| v. ) | |
| ) | |
| J C ZUERCHER, ) | |
| ) | |
| Respondent. ) | |

### O P I N I O N  A N D  O R D E R

Before the Court are Petitioner's Motion for Reconsideration, requesting appointment of counsel and a preliminary injunction, and Respondent's motion to dismiss Petitioner's request for a preliminary injunction.  For the reasons stated below, both motions are MOOT and this case is TERMINATED.

### I.  BACKGROUND

Petitioner was convicted in the United States District Court for the Southern District of Iowa for knowing and intentional manufacture of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  On April 24, 2007, Petitioner was sentenced to eighteen months of imprisonment for violation of his supervised release.  Petitioner was subsequently incarcerated at the Federal Correctional Institution at Pekin, Illinois (FCI Pekin).  Petitioner was to be released from the custody of the Bureau of Prisons (BOP) on August 10, 2008.

On March 7, 2008, Petitioner filed a motion [Doc. 1] in this Court requesting a preliminary injunction under the Administrative Procedure Act.  In that motion,

Petitioner asked the Court to order Respondent to consider Petitioner for immediate halfway house placement.  Petitioner's core argument was that FCI Pekin followed an illegitimate community confinement policy, pursuant to 28 C.F.R. §§ 570.20 – 570.21, which limited the amount of time Petitioner could serve his sentence in community confinement to ten percent of Petitioner' total sentence, not to exceed six months.  On April 9, 2008, Petitioner also requested the appointment of counsel in this matter.  [Doc. 3]  On May 23, 2008, the Court denied Petitioner's motions for a preliminary injunction and appointment of counsel.  [Doc. 12]  On May 30, Petitioner filed a motion for reconsideration regarding the Court's May 23 ruling.  [Doc. 13]  On June 5, 2008, Respondent filed a motion to dismiss Petitioner's cause of action.  [Doc. 14]  And on June 11, 2008, Petitioner filed a response in opposition to Respondent's motion to dismiss.  [Doc. 16]

## II.  ANALYSIS

This case is MOOT.  Petitioner was scheduled for release from BOP custody on August 10, 2008.  The court has received no notice from the parties indicating that Petitioner's release date was rescheduled.  Accordingly, the Court is unable to grant Petitioner the relief sought because Petitioner has already been released.  Further, Petitioner's claim is not "capable of repetition yet evading review."  Petitioner's central argument is that a federal prison's community confinement policy in place pursuant to 28 C.F.R. §§ 570.20 – 570.21 is invalid.  The Second Chance Act of 2007, Pub. L. No. 110-199, Sec. 251, revised upward the limit that 28 C.F.R. §§ 570.20 – 570.21 placed on the BOP's exercise of discretion in designating

inmates to community confinement.  See 18 U.S.C. § 3624(c)(1).  As a result, it is clear that Petitioner will not be subject to the same challenged limit on community confinement in the future.  See Brown v. Bartholomew Consol. School Corp., 442 F.3d 588, 598-99 (7th Cir. 2006).

### III.  CONCLUSION

IT IS THEREFORE ORDERED that all pending motions are MOOT.


CASE TERMINATED.


ENTERED this 22nd day of September, 2008.


                                    s/ Joe B. McDade
                                   JOE BILLY MCDADE
                               United States District Judge